UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BFS GROUP LLC DBA BFS GROUP OF WASHINGTON LLC<br>d/b/a BUILDERS FIRSTSOURCE,<br><br>Defendant. | NO. 2:24-cv-1562<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"), Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and Title I of the Civil Rights Act of 1991, Pub. L. 102-166, to correct unlawful employment practices on the basis of age and disability and to provide appropriate relief to Enrique Tellez, who was adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant BFS Group LLC dba BFS Group of Washington LLC violated the ADEA and the ADA when it terminated Tellez's assignment because of his age and because it regarded him as disabled.

//

COMPLAINT
No. 2:24-cv-1562
Page 1

Equal Employment Opportunity Commission
909 First Ave., Suite 400
Seattle, WA 98104
Tel. (206) 576-3027

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217; Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1), (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and Title I of the ADA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant BFS Group LLC dba BFS Group of Washington LLC has been a Delaware corporation, employing more than twenty (20) employees in each of twenty (20) or more weeks in each calendar, registered with the State of Washington, and doing business as Builders FirstSource in Snohomish County, Washington.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) of the ADA, 42 U.S.C. § 12111(5), and

COMPLAINT
NO. 2:24-CV-1562
PAGE 2

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WA 98104
TEL. (206) 576-3027

1. Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g)–(h).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, Tellez filed a charge of discrimination with the EEOC alleging that Defendant discriminated against him because of age, in violation of the ADEA, and because of disability, in violation of the ADA.

9. By letter dated July 30, 2024, the EEOC issued to Defendant a Determination finding, *inter alia*, that Defendant terminated Tellez's assignment because of his age, in violation of the ADEA, and because it regarded him as disabled, in violation of the ADA, and it invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

11. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

12. By letter dated September 17, 2024, the EEOC issued to Defendant a Notice of Failure of Conciliation, notifying Defendant of the EEOC's determination that efforts to conciliate Tellez's charge had been unsuccessful and that further conciliation efforts would be futile or non-productive.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least June 19, 2023, Defendant has engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a), and in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), by terminating Tellez's assignment because of his age and because it regarded him as disabled.

COMPLAINT
NO. 2:24-CV-1562
PAGE 3

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WA 98104
TEL. (206) 576-3027

15. Defendant is a supplier of building materials, manufactured components, and construction services.

16. Defendant operates a "truss facility" in Arlington, Washington, where prefabricated roof trusses, floor systems, and wall panels are assembled (the "Arlington truss facility"). Assembly is one of Defendant's primary businesses at the Arlington truss facility.

17. At the Arlington truss facility, Defendant employs workers in the position of "Assembler I." The essential job functions of the Assembler I position in 2023 were to move parts into place and fasten them together, as well as cutting products, moving products, removing defective products, and cleaning. The Assembler I position had no requirements in terms of education or experience.

18. At the Arlington truss facility, some workers in the Assembler I position are paid directly by Defendant and other workers in the Assembler I position are placed and paid by third-party staffing companies.

19. All workers in the Assembler I position, whether paid directly by Defendant or by a third-party staffing company, work at Defendant's physical facility using its materials and equipment; must use Defendant's time-keeping system; are trained by Defendant; and are supervised and mentored by permanent employees of Defendant, among other things.

20. In June 2023, Enrique Tellez was sixty-seven (67) years old.

21. In June 2023, Tellez could perform all the essential job functions of Defendant's Assembler I position at the Arlington truss facility without reasonable accommodation and was a qualified individual under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102, 12111(8).

22. In June 2023, Tellez was qualified for the Defendant's Assembler I position, as demonstrated by Tellez's work in physically demanding jobs before and after June 2023.

23. Hire Quest L.L.C. ("Hire Quest") was a staffing company that placed workers in the Assembler I position at Defendant's Arlington truss facility in June 2023. Workers were selected for placement by employees of Hire Quest's affiliate, HireQuest Direct.

//

COMPLAINT
NO. 2:24-CV-1562
PAGE 4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WA 98104
TEL. (206) 576-3027

24. In June 2023, the assistant branch manager of HireQuest Direct in Mount Vernon, Washington (the "HireQuest ABM") was familiar with the job requirements of the Assembler I position at Defendant's Arlington truss facility.

25. On or around June 16, 2023, the HireQuest ABM selected Tellez for an assignment in the Assembler I position at the Arlington truss facility to start on June 19, 2023.

26. Defendant's general manager at the Arlington truss facility (the "Arlington GM") confirmed the assignment.

27. On June 19, 2023, Tellez reported for his first day of work at the Arlington truss facility.

28. Before Tellez could commence work, he needed to be onboarded into Defendant's time-keeping system.

29. After Tellez waited for some time, the Arlington GM came to where Tellez was waiting and handed him a timecard. She very briefly observed Tellez, told Tellez that she would return, and left the room.

30. The Arlington GM did not return. Instead, the Arlington GM immediately contacted the branch manager of HireQuest Direct in Mount Vernon (the "HireQuest BM"). She notified the HireQuest BM that Defendant was terminating Tellez's assignment because, in sum and substance, she believed he experienced the physical impairment(s) of knee pain and/or a limp.

31. The Arlington GM's perception that Tellez experienced the physical impairment(s) of knee pain and/or a limp was based entirely on her brief observation that Tellez was substantially older than the workers Defendant typically employed in the Assembler I position. She did not undertake to evaluate Tellez's actual physical capabilities or ability to fulfill the Assembler I job requirements.

32. Tellez did not and does not experience knee pain that impairs his daily life activities or his ability to fulfill the job functions of physically demanding jobs, including jobs that require him to be on his feet for more than eight (8) hours a day and engage in heavy lifting. Tellez does not limp.

//

COMPLAINT
NO. 2:24-CV-1562
PAGE 5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WA 98104
TEL. (206) 576-3027

33. The HireQuest BM contacted the HireQuest ABM, who returned to the Arlington truss facility and notified Tellez that his assignment had been terminated.

34. On information and belief, in the week following its termination of Tellez's assignment, Defendant hired at least two workers into the Assembler I position who were under twenty-five (25) years old.

35. On information and belief, the Arlington GM also notified the HireQuest BM that, going forward, Hire Quest should only place workers in the Assembler I position who were younger than forty (40) years of age.

36. In June 2023, Defendant terminated Tellez's assignment because of his age, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a).

37. In June 2023, Defendant terminated Tellez's assignment because it regarded Tellez as disabled, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

38. The effect of the practices complained of in paragraphs 14–36 above has been to deprive Tellez of equal employment opportunities and otherwise adversely affect him because of his age.

39. The effect of the practices complained of in paragraphs 14–35, and 37 above has been to deprive Tellez of equal employment opportunities and otherwise adversely affect him because Defendant regarded him as disabled.

40. The unlawful employment practices complained of in paragraphs 14–37 above were intentional.

41. The unlawful employment practices complained of in paragraphs 14–36 were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

42. The unlawful employment practices complained of in paragraphs 14–35, and 37 above were committed with malice or with reckless indifference to Ebert's federally protected rights.

//

//

//

//

COMPLAINT
NO. 2:24-CV-1562
PAGE 6

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WA 98104
TEL. (206) 576-3027

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, servants, employees, attorneys, all persons in active concert or participation with it, and successors, from engaging in any employment practice that discriminates because of age or because of perceived disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals forty (40) years of age and older and for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Tellez whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary, including but not limited to instatement or front pay in lieu thereof, to eradicate the effects of its unlawful employment practices described in in paragraphs 14–42 above.

D. Order Defendant to make Tellez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14–42 above, in amounts to be determined at trial.

E. Order Defendant to pay liquidated damages for willful conduct in violation of the ADEA described in paragraphs 14–36, 38, and 40–41 above, in amounts to be determined at trial.

F. Order Defendant to make Tellez whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 14–35, 37, and 39–40 above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

G. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraphs 14–35, 37, 39–40, and 42 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper to the public interest.

I. Award the EEOC its costs of this action.

//

COMPLAINT
NO. 2:24-CV-1562
PAGE 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WA 98104
TEL. (206) 576-3027

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by this Complaint.

DATED this 30th day of September 2024.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

BY:  /s/Roberta L. Steele
Roberta L. Steele
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave, 5th Floor W
P.O. Box 36025
San Francisco, CA 94102
Tel. (650) 684-0939
roberta.steele@eeoc.gov

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

Office of the General Counsel
131 M Street, N.E.
Washington, D.C. 20507

BY:  /s/Damien A. Lee
Damien A. Lee
Assistant Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA  98104
Tel. (206) 576-3038
damien.lee@eeoc.gov

BY:  /s/Amos Blackman
Amos Blackman
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 1st Avenue, Suite 400
Seattle, Washington 98104
Tel. (206) 576-3027
amos.blackman@eeoc.gov

COMPLAINT
NO. 2:24-CV-1562
PAGE 8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WA 98104
TEL. (206) 576-3027